*354 The opinion of the Court was delivered By
Mr. Justice Gkimke.
Í am of opinion, that in all contracts of this kind, every degree of candour and fairness should Be observed on the part of the seller; that a sound price would also imply a warranty of soundness; and that even such an implied warranty would extend to defects known, as well as those that were tinknown. But in this case there was a positive warranty at first; which it appeared, however, that the defendant chose to vary when he reduced it into writing; that the very alteration of the terms in the bill of sale from the parol one, showed that he himself had some suspicions, that the girl had a disorder which had not yet broke out, but which he was conscious, whenever it appeared, would injure her value; though not, perhaps, to the extent which it did. I do not think, therefore, that the defendant acted with that fairness and candour in this transaction with which he ought to have done; and that he ought not to have altered the conditions • of the sale from what his agent had agreed to: for if these terms had been offered to plaintiff at first, it would probably have put him upon his guard, and he would not have purchased upon the terms of the consequences resulting from the lip. I am, moreover, of opinion, that it did not appear in evidence that the disorder which broke out afterwards upon her was the consequence of the split lip; so admitting *355 there was no variance between the oral and written warranty, if the lip was not a part of this disorder, still the warranty failed as to her general soundness, with the exception of the lip and eye. I am, therefore, of opinion, that as the question whether the disorder was incorporated into the girl’s constitution or not before the sale, was left to the Jury, and they found that it was; and that defendant had falsified his warranty. The verdict should not be disturbed.
Colcock, JVott, Cheves, and Johnson, J. concurred.